## 11315

### McCRAW v. AUSTELL

(119 S. E., .578)

1. LANDLORD AND TENANT—IN SPECIAL PROCEEDING TO ENFORCE RENT CLAIM, AMOUNT OF RENT HELD ISSUE FOR JURY.—Where there was a . dispute whether the rent for certain land was 2,000 pounds of lint cotton or one-third of the crop, landlord, under Civ. Code 1922, § 5696, sued out an agricultural warrant to enforce her claim, tenant filed an affidavit that the amount claimed was not justly due, and testimony was taken as to the amount due, *held,* that the amount of rent due was an issue for the jury to determine, and it was error to withdraw such issue.

2. LANDLORD AND TENANT—IN SPECIAL PROCEEDING TO ENFORCE RENT CLAIM, ISSUE JOINED BY TENANT'S AFFIDAVIT.—In a special proceeding under Civ. Code 1922, § 5696, to enforce a claim for rent, the issue is joined by tenant's affidavit that the rent or the amount claimed is not due, and no order is required framing any specific issue, but the better practice is to formally frame· an issue suggested by tenant's affidavit.

Before WILSON, J., Cherokee, November Term, 1922. Reversed and remanded.

Special proceeding by Allie V. McCraw against W. B. Austell. Judgment for plaintiff and defendant appeals.

*Mr. G. W. Speer,* for appellant, cites : *Affidavits of parties make the issue:* 13 S. C., 403. *Judgment arrested where verdict does not conform to issues:* 17 A. & E. Enc. L. (2d Ed.), 855 ; Code 1922, Sec. 545 ; 15 S. C., 200 ; 27 R. C. L., 852 ; 16 S. C., 15.

*Messrs. Dobson & Vassy,* for respondent, cite: *Additional charge or correction of verdict should have been called to attention of judge:* 113 S. C., 151; 116 S. C., 319; 96 S. C., 81; 100 S. C., 362. *Charge of Judge states real issues:* 41 S. C., 176.

October 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from certain orders in a special proceeding under Section 5696, Vol. 3, Code of Laws 1922. During the year 1920 the appellant, Austell, was a tenant of the respondent, Mrs. McCraw, of a certain tract of land containing 22 acres. A dispute arose between them as to the amount of rent due by Austell. Mrs. Mc-Craw contended that it was 2,000 pounds of lint cotton: Austell that it was one-third of the crop. On January 25, 1921, Mrs. McCraw sued out an agricultural warrant to enforce her claim for rent. Under it the Sheriff seized a lot of seed cotton, which the tenant, Austell, replevied, and sold for $167.81 ($152.83 for the cotton and $14.98 for the seed). Austell then filed an affidavit with the Sheriff within the 30 days allowed by the statute that the amount of rent claimed by Mrs. McCraw was not justly due. At the November term of Court, 1921, the issue raised by the affidavit for the warrant and the affidavit of the tenant was tried before his Honor, Judge Wilson, and a jury. He submitted to the jury the issue in these words:

"The only question for you to determine is simply this: Who is entitled to the cotton—whether the rent is due; and your verdict will simply be, if you find for Mrs. McCraw, the plaintiff, your verdict will be, 'We find for the plaintiff,' and write your name as foreman; and if your verdict is for the defendant, Austell, say, 'We find for the defendant,' and write your name as foreman. As to the amount, that will be settled in another way, because in the way these pleadings are framed you are not to pass on the amount."

Testimony on both sides was taken upon the issue of the amount of rent due by Austell, and, after a charge from which the foregoing is quoted, the jury found this verdict:

"We find in favor of the plaintiff."

The tenant then moved upon the minutes of the Court for a new trial, which was refused. Thereafter on June 27, 1922, the attorneys for Mrs. McCraw entered a judgment in the clerk's office, which, after reciting the proceedings before Judge Wilson, contained this statement:

"Now on motion of Dobson & Vassy, attorneys for said plaintiff, it is adjudged that said Mrs. Allie McCraw, plaintiff, recover of W. B. Austell, the defendant, the property attached by the sheriff in the action found by the jury with * * * costs."

Thereafter, on June 30, 1922, the attorney for Austell gave notice of a motion to set aside said judgment upon the ground that it was "based upon no ruling or order of any judge of this Court, nor is it based upon the verdict of the jury." This motion was heard by his Honor, Judge Sease, at the July term, 1922, who passed an order in short form refusing the motion. The tenant, Austell, has appealed to this Court from the order of Judge Wilson refusing the motion for a new trial and from the order of Judge Sease refusing the motion to set aside the judgment.

It is necessary to consider the sixth exception only, which raises the point that there was an issue as to the amount of rent due which the jury did not settle.

The proceeding in question, under Section 5696, Vol. 3, Code of Laws 1922, is what is known as a special proceeding, its object being to determine the issue raised by the affidavit of the tenant, that the amount claimed by the landlord in the affidavit upon which the warrant was issued is not justly due. Necessarily involved in this issue, in the event that the jury should find that there is something due to the landlord, but not as much as he claims, is the inquiry as to the amount actually due; for we find nowhere in the

statutes a provision that the warrant shall be set aside in case it should be determined that the landlord has a valid claim, but for less than the amount declared by him in his affidavit.

The affidavit of the tenant in this case is not set out in the record, but we may assume from his testimony that it contained an admission that something was due the landlord, as he states that the amount was $12.63, which he had deposited with the clerk. The tenant had the right to contend that there was nothing due to the landlord, or, admitting that there was some amount due, that it was less than the amount claimed; either of which contentions may have been involved in the issue that the amount claimed was not justly due.

While it is true that the issue is joined by the affidavit of the tenant, and no order is required framing any specific issue (*Johnstone v. Manigault,* 13 S. C., 403), the better practice is to formally frame an issue suggested by the tenant's affidavit. If the tenant contends that no rent at all is due, the issue should be:

"Does the tenant owe the landlord the amount of rent claimed by the landlord, and if not how much does he owe?"

If the tenant admits that he owes the landlord some amount, but disputes the correctness of the amount claimed, the issue should be:

"How much does the tenant owe the landlord?"

In this particular proceeding the Circuit Judge submitted the proceeding in this form:

"Who is entitled to this cotton—whether this rent is due. * * * As to the amount, that will be settled in another way, because in the way these pleadings are framed you are not to pass on the amount."

Under this charge the jury may reasonably have concluded that all that they had to determine was whether or not the tenant owed the landlord anything, and that the amount would be settled in some other proceeding. The

amount of rent due by the tenant was fairly an issue in the proceeding, and that question should have then, in that proceeding, been submitted to the jury.

In *Johnstone v. Manigault,* 13 S. C., 403, it is said, speaking of the remedy under consideration here:

"The sole purpose was to afford the means of having the amount claimed to be due judicially ascertained."

In *Warren v. Lawton,* 14 S. C., 476, it is said:

"The statute then proceeds to provide a mode by which the debtor may, to a certain extent   *   *   *   be protected not only from any erroneous or excessive charge," etc.

In *Virginia Co. v. Kirven,* 57 S. C., 445; 35 S. E., 745, which was a similar special proceeding, the Court said:

"The question here is what is the amount justly due under the lien."

We cannot escape the conviction, that, in view of the absence of a specific contract to pay 2,000 pounds as rent, admitted by the plaintiff, and the withdrawal of the issue as to the amount of rent due, fairly arising, the matter was not clearly presented to the jury.  In this view of the matter it becomes unnecessary to consider the appeal from Judge Sease's order refusing the motion to set aside the judgment.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial upon the issues fairly presented by the several affidavits, or, preferably, upon an issue or issues framed by the Court based upon said affidavits.